## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEYSTONE PF ACQUISITION, LLC,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | CIV. A. NO.: |
| v. | : | |
| | : | |
| **AFFILIATED FM INSURANCE COMPANY,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## DEFENDANT AFFILIATED FM INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Affiliated FM Insurance Company ("Defendant" or "AFM"), by and through its counsel, Zelle LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, removing this action from the Court of Common Pleas, Philadelphia County, in which it is currently pending, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice, Defendant states as follows:

## I.
## INTRODUCTION

1.      On August 10, 2020, Plaintiff Keystone PF Acquisition, LLC ("Plaintiff"), filed a Complaint in the underlying Pennsylvania state court case in the Court of Common Pleas, Philadelphia County, styled as *Keystone PF Acquisition, LLC v. Affiliated FM Insurance Company,* Civil Action No. 210200529 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.      Defendant accepted service of the Complaint on February 18, 2021, as shown on the Acceptance of Service, attached hereto as Exhibit "B".

3.      The Complaint constitutes all of the process and pleadings served on Defendant.

4.      The State Court Action concerns alleged business interruption losses from COVID-19, the disease caused by the novel coronavirus, and certain governmental closure orders.  The Complaint filed in the State Court Action includes claims for declaratory judgment, breach of contract, and bad faith.  *See* Compl. ¶¶ 138–70.

## II.
## BASIS FOR REMOVAL

5.      Venue is proper in this District under 28 U.S.C. § 1441 because the state court where the action is pending is located in this District.

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and AFM.**

7.      Defendant is an insurance company incorporated in the State of Rhode Island with its principal place of business in Rhode Island. AFM is thus a citizen of Rhode Island for diversity jurisdiction purposes.

8.      As an LLC, Plaintiff's citizenship is determined by the citizenship of all of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  An opposing party may allege in good faith that an LLC's members are not citizens of its state of citizenship in order to survive a facial challenge. *Id.* at 110.  AFM has consulted the sources at its disposal, including court filings and other public records, and has found nothing to indicate that Plaintiff has any Rhode Island members that would destroy diversity. *Id.*  AFM has attached the results of its research in public records on Plaintiff's citizenship as Exhibit "C".

9.      In an effort to destroy diversity, Plaintiff alleges that "[a]n investor in a limited partnership of which National Fitness Partners is an indirect subsidiary is a non-profit corporation

2

incorporated in Rhode Island and has a principal place of business in Rhode Island." *See* Compl. ¶ 16. This allegation, even if taken as true, is insufficient to destroy diversity jurisdiction. Plaintiff's allegation is that it is an "indirect subsidiary" of a limited partnership in which an investor is a non-profit corporation with Rhode Island citizenship. First, Plaintiff has not alleged or established that the limited partnership it describes is a *member* of National Fitness Partners as required to determine citizenship for diversity purposes. Second, even if it were established that the as-yet-unnamed limited partnership is a member of National Fitness Partners, the citizenship of a limited partnership is determined by the citizenship of its partners or members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). There is no Third Circuit law on whether an "investor" in a limited partnership is sufficient to destroy diversity jurisdiction. Nor does Plaintiff identify the alleged investor or limited partnership so that AFM can undertake further research.

10.     Plaintiff has not sufficiently alleged that any of its members, or members of its members, share citizenship with AFM. This allegation neither establishes Plaintiff's citizenship nor eliminates diversity jurisdiction.

11.     Because AFM is a citizen of Rhode Island, and, on information and belief, Plaintiff has no member that is a citizen of Rhode Island, complete diversity of citizenship exists between Plaintiff and AFM.

12.     In the event any questions remain regarding diversity of citizenship, AFM requests that the Court allow limited discovery on that issue, as Third Circuit precedent entitles it to do. *See Lincoln*, 800 F.3d at 99, 108–109 ("Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism.").

3

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

13.    Plaintiff's three count Complaint (Count I: Declaratory Relief; Count II: Breach of Contract; and Count III: Bad Faith) filed in the State Court Action asserts a claim for money damages in the "tens of millions of dollars" or "millions of dollars," as well as special, punitive, treble, consequential, exemplary, statutory, and other damages plus its attorneys' fees. *See* Compl. ¶¶ 1, 158, 170.

14.    When removal is sought on the basis of jurisdiction conferred by 28 U.S.C. § 1332, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

15.    Where the state practice either does not permit or demand a specific sum or permits recovery of damages in excess of the amount demand in the initial pleading, removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Evan v. Zhang*, Civ. A. No. 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017).

16.    "Preponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" *Hatchigan v. AAA Mid-Atlantic Member Relations*, Civ. A. No. 19-4740, 2020 WL 2745742, *3 (E.D. Pa. May 27, 2020) (*quoting Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007).

17.    The amount in controversy exceeds the $75,000 jurisdictional requirement.

**III.**
**CONCLUSION**

18.    Defendant files this Notice of Removal on March 10, 2020, less than thirty (30) days after receipt of the Complaint and is thus timely pursuant to 28 U.S.C. § 1446(b).

4

19.     As the Notice of Removal was filed within 30 days, it involves a controversy in excess of $75,000.00, and there is complete diversity of citizenship of the parties, removal is proper.

20.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and the attached exhibits, will be filed in the Court of Common Pleas, Philadelphia County, and served Plaintiff and all counsel of record. A copy of the Notice to State Court of Filing Notice of Removal is attached hereto as Exhibit "D".

21.     By removing the State Court Action, Defendant does not waive any defenses available to it.

22.     By removing the State Court Action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant, Affiliated FM Insurance Company hereby removes the above-captioned action from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**ZELLE LLP**

Dated:  March 10, 2021         By:     */s/ Jonathan R. MacBride*
                                       Jonathan R. MacBride
                                       P.A. Attorney I.D. No. 77177
                                       Zelle LLP
                                       1635 Market Street, Suite 1600
                                       Philadelphia, PA 19103
                                       Telephone: (484) 532-5341
                                       Facsimile:  (612) 336-9100
                                       Email:  jmacbride@zelle.com

                                       *Attorneys for Defendant*
                                       *Affiliated FM Insurance Company*

5

## CERTIFICATE OF SERVICE

I, Jonathan R. MacBride, hereby certify that on March 10, 2021, a true and correct copy of

the foregoing Notice of Removal was electronically filed and served upon the following counsel

of record via the Court's Electronic Case Filing System (ECF):

**LeVAN MUHIC STAPLETON LLC**
John S. Stapleton, Pa. I.D. 200872
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
215.561.1500
jstapleton@levanmuhic.com

**KING & SPALDING LLP**
Shelby S. Guilbert, Jr.
Georgia Bar No. 315101
Nicholas G. Hill
Georgia Bar No. 744482
Amy Dehnel
Georgia Bar No. 707836
1180 Peachtree Street NE
Atlanta, GA 30309
404-572-4600 (Phone)
sguilbert@kslaw.com
nhill@kslaw.com
adehnel@kslaw.com

*Attorneys for Plaintiff*
*Keystone PF Acquisition, LLC*

/s/ Jonathan R. MacBride
Jonathan R.  MacBride

6

4846-1137-2511v4