**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEYSTONE PF ACQUISITION, LLC,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 21-1143** |
| **AFFILIATED FM INSURANCE COMPANY,** | |
| **Defendant.** | |

**<u>ORDER</u>**

Plaintiff Keystone PF Acquisition, LLC ("NFP") brought this action against Defendant Affiliated FM Insurance Company ("AFM") for breach of contract, declaratory judgment, and bad faith in the Court of Common Pleas of Philadelphia County, Pennsylvania.[1] Defendant removed the action to this Court based on diversity of citizenship.[2] Plaintiff now moves to remand for lack of complete diversity.[3] Because Defendant has failed to adequately establish that this Court has subject matter jurisdiction over the action, the case will be remanded to the Philadelphia Court of Common Pleas.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4] When confronted with a motion to remand, the party asserting diversity jurisdiction "retains the burden of proving that diversity of citizenship exists by a preponderance of the evidence."[5] "Any contested issues of substantive fact must be resolved

---

[1] Def.'s Notice Removal Ex. A [Doc. No. 1-1] ¶¶ 1, 149, 158.

[2] Def.'s Notice Removal [Doc. No. 1].

[3] Pl.'s Mot. Remand [Doc. No. 42].

[4] 28 U.S.C. § 1447(c).

[5] *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011) (citation omitted).

in the non-moving party's favor."[6] In a suit by or against an unincorporated association, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."[7] To determine the citizenship of a limited liability company ("LLC"), the district court must "trace[] through however many layers of partners or members there may be."[8]

NFP is a Delaware LLC and AFM is a Rhode Island corporation.[9] NFP alleges that one of its members is an indirect subsidiary of another Rhode Island corporation ("the Rhode Island Entity"), rendering NFP a citizen of Rhode Island for diversity purposes.[10] In support of this position, NFP outlines its relevant membership structure, which comprises ten separate entities that ultimately connect NFP to the Rhode Island Entity.[11] NFP also provides redacted versions of Limited Partner Agreements ("LPAs") and Subscription Documents, in addition to several unsworn declarations.[12] For ease of understanding, the Court consolidates and simplifies[13] the

---

[6] *Watts v. Embassy Suites by Hilton Philadelphia Airport*, No. 21-1307, 2021 WL 3022441, at *1 (E.D. Pa. July 15, 2021) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990)).

[7] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citation omitted).

[8] *Id.* (same).

[9] Def.'s Notice Removal Ex. A [Doc. No. 1-1] ¶¶ 13-14.

[10] Pl.'s Mem. Supp. Mot. Remand [Doc. No. 43] at 1, 4-5.

[11] Pl.'s Mem. Supp. Mot. Remand [Doc. No. 43] at 4-5.

[12] *See* Pl.'s Mem. Supp. Mot. Remand Exs. A [Doc. No. 43-1], 10 [Doc. No. 43-8], 11 [Doc. No. 43-9], 14 [Doc. No. 43-11], 15 [Doc. No. 43-12], 16 [Doc. No. 43-13]; Pl.'s Reply Br. Supp. Mot. Remand Exs. A [Doc. No. 49-1], B [Doc. No. 49-2].

[13] Given the complexity of the relationships, the Court uses generic labels (i.e., Entities A, B, and C) to avoid confusion. It provides only the associations with which AFM takes issue. *See* Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 7; Pl.'s Mem. Supp. Mot. Remand [Doc. No. 43] at 4-5.

relevant membership structure as follows:



AFM argues that the Limited Partnership Agreements ("LPAs") submitted by NFP are "so heavily redacted" that there is "simply not enough [there]" to verify the last two links of the ownership chain—namely, that Entity C is a limited partner of Entity B, and that the Rhode Island Entity is a limited partner of Entity C.[14] In support of its argument, AFM relies on the declaration of Delaware attorney Lewis H. Lazarus, who asserts that "it [is] not possible . . . to determine whether, under Delaware law," Entity C is a limited partner of Entity B.[15]

The Lazarus Declaration fails to adequately disprove the "final links" of the ownership chain. With respect to the link between Entities B and C, the redacted LPA of Entity C states that its "purpose" is to "invest as a *limited partner* in [Entity B] on terms satisfactory to

---

[14] Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 5, 8.

[15] Def.'s Resp. Pl.'s Mot. Remand Ex. A [Doc. No. 46-1] at ECF pages 2-3.

[Entity C]."[16] The LPA of Entity B, in turn, states that Entity C is a "Feeder Vehicle" defined as "any *Limited Partner* . . . designated as such in writing by [Entity B]."[17] The LPA further provides that "[f]or the avoidance of doubt, [Entity C] has been designated by [Entity B] . . . as a Feeder Vehicle."[18]

Notwithstanding this explicit language, AFM maintains that the LPA of Entity B is deficient because it fails to state that Entity C was "duly admitted" as a limited partner under Delaware law. According to AFM, NFP should provide (1) "LPA provisions concerning admission of partners," (2) "evidence that any particular partner was admitted in accordance with these provisions," and/or (3) "referenced books and records of [Entity C]."[19] While the Court notes that NFP could have produced additional documents, it nonetheless finds that its redacted submissions are sufficient to establish the relationship between Entities B and C for purposes of the jurisdictional inquiry.

As for the link between Entity C and the Rhode Island Entity, the Subscription Documents for Entity C designate the Rhode Island Entity as an "Investor."[20] The documents specifically state that "the Investor hereby makes an application to subscribe for and agrees to purchase an exempted *limited partner interest* in [Entity C]" and that "[t]he Investor agrees to be bound by all the terms and provisions of the Amended and Restated Exempted [LPA] of the

---

[16] Pl.'s Mem. Supp. Mot. Remand Ex. 15 [Doc. No. 43-12] at ECF page 20 (emphasis added); *see* Pl.'s Mem. Supp. Mot. Remand Ex. 15 [Doc. No. 43-12] at ECF pages 14, 78.

[17] Pl.'s Mem. Supp. Mot. Remand Ex. 14 Doc. No. 43-11] at ECF page 13 (emphasis added).

[18] Pl.'s Mem. Supp. Mot. Remand Ex. 14 [Doc. No. 43-11] at ECF page 13.

[19] Def.'s Sur-Reply Opp. Pl.'s Mot. Remand [Doc. No. 52] at 4.

[20] *See* Pl.'s Mem. Supp. Mot. Remand Ex. 16 [Doc. No. 43-13] at ECF page 29.

Partnership."[21] Defendant avers that these documents show only that the Rhode Island Entity is an investor, rather than both an investor *and* a limited partner, and therefore "NFP's evidence is insufficient on this link as well."[22]

However, in further support of its motion, Plaintiff provides the declarations of Karl Jaeger (the Senior Managing Director of one of NFP's members), Peter Song (the former managing director of one of NFP's owners), and Nicholas G. Hill (one of Plaintiff's attorneys).[23] Defendant argues that the Jaeger and Song declarations "are legally incompetent and should be struck" because they do not contain the language prescribed by 28 U.S.C. § 1746, relating to unsworn declarations under penalty of perjury [24] To the extent that the omission of the certification undermines the weight of the declarations, Plaintiff has since provided the declaration of Patrick Jennings, a principal with one of NFP's members, who affirms under penalty of perjury that the statements made in the Song Declaration are true and correct.[25]

Defendant also argues that the statements in the Hill Declaration are conclusory and are not based on personal knowledge.[26] Hill's averments concern (1) the documents that Plaintiff provided to Defendant, (2) the execution of the parties' confidentiality agreement, (3) the "virtual reading room" that was coordinated by counsel for the parties, and (4) numerous

---

[21] Pl.'s Mem. Supp. Mot. Remand Ex. 16 [Doc. 43-13] at ECF page 8 (emphasis added).

[22] Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 9.

[23] Pl.'s Mem. Supp. Mot. Remand Ex. A [Doc. No. 43-1]; Ex. 10 [Doc. No. 43-8]; Ex. 11 [Doc. No. 43-9].

[24] Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 2; 28 U.S.C. § 1746(2). ("To be properly subscribed to, a declaration must include the following statement: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct,' followed by a date and a signature.").

[25] Pl.'s Reply Br. Supp. Mot. Remand Ex. A [Doc. No. 49-1]. Even without the Jaeger Declaration, the information provided through the Song and Jennings declarations supports NFP's other evidence.

[26] Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 11.

disagreements between the parties regarding redactions.[27] The Court finds no merit to Defendant's claim that Mr. Hill is ill-equipped to describe the course of the parties' actions in this litigation.

Finally, Defendant argues that it is entitled to jurisdictional discovery "to find the truth concerning the complicated, clandestine structures of LLCs and LPs."[28] However, the parties did conduct informal discovery, and the relevant documents have been produced. Because Defendant "fail[s] to provide any basis which would justify an allowance of jurisdictional discovery,"[29] beyond that already conducted, the Court will deny this request.

**AND NOW**, this 8th day of February 2023, upon consideration of Plaintiff's Motion to Remand [Doc. No. 42] and the responses thereto, and for the reasons stated above, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**. The Clerk of Court is directed to **REMAND** this case to the Court of Common Pleas of Philadelphia County, Pennsylvania, where it was filed at Case Number 210200529 and to **CLOSE** the case in the Eastern District of Pennsylvania.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[27] *See* Pl.'s Mem. Supp. Mot. Remand Ex. A [Doc. No. 43-1] at 1-4.

[28] Def.'s Resp. Pl.'s Mot. Remand [Doc. No. 46] at 12.

[29] *N.A. Water Sys. ex rel. Veolia Water Sols. & Techs. N. Am. Inc. v. Allstates Worldcargo, Inc.*, No. 13-1507, 2014 WL 5022536, at *6 (W.D. Pa. Aug. 12, 2014).